UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAVONTE MACK,

   Plaintiff,         No. 18-12908

v.              District Judge Paul D. Borman
               Magistrate Judge R. Steven Whalen

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, ET AL.,

   Defendants.
               /

**OPINION AND ORDER**

   Plaintiff Lavonte Mack, who was seriously injured in an automobile accident on December 1, 2017, has filed a breach of contract action against Defendant State Farm Mutual Automobile Insurance Company ("State Farm") arising out of a Michigan No-Fault Insurance Policy in effect on the date of the accident. Before the Court is State Farm's Motion to Amend/Correct Affirmative Defenses [ECF No. 53], in which it seeks to add the affirmative defense of fraud and concealment, based on Plaintiff's claim for attendant care services. For the reasons discussed below, the motion will be DENIED.

**I. FACTS**

   Plaintiff filed his complaint on September 17, 2018. On October 11, 2018, State Farm filed an answer with affirmative defenses [ECF No. 6]. State Farm did not plead fraud and concealment at that time. On the same date, Plaintiff filed a general denial of Defendant's affirmative defenses [ECF No. 9].

   On February 12, 2019, Plaintiff filed an amended complaint [ECF No. 31]. State Farm filed an answer, with affirmative defenses, on March 5, 2019 [ECF No. 36]. Those

-1-

affirmative defenses did not include fraud and concealment.

Livonia Evans, Plaintiff's mother, was deposed on March 8, 2019, and Plaintiff himself was deposed the same day. Plaintiff's mother had made claims for attendant care services, and at their depositions, both she and the Plaintiff were examined at length regarding her claim for services. Plaintiff's mother was questioned about the claim forms or time sheets that she had submitted. *See Plaintiff's Deposition Transcript*, appended to Defendant's motion, ECF No. 53-1, PageID.807-815; *Deposition Transcript of Livonia Evans*, ECF No. 53-1, PageID.774-789.

On July 19, 2019, the Court entered a scheduling order that set a discovery cut-off date of January 31, 2020 and a dispositive motion cut-off of April 24, 2020 [ECF No 48]. State Farm filed the present motion on January 24, 2020, appending portions of the March, 2019 deposition transcripts and Ms. Evans' dependent care time records.

## II. LEGAL PRINCIPLES

Where the time has passed for a party to amend a pleading (including an affirmative defense) under Fed.R.Civ.P. 15(a)(1), then Rule 15(b)(2) provides, "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." In evaluating a motion to amend, the Court should consider whether there has been undue delay in filing, lack of notice to the opposing party, and undue prejudice to the opposing party. *See Foman v. Davis*, 371 U.S. 178 (1962); *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir.1995). Delay alone is an insufficient reason to deny a motion for leave to amend; there must also be a showing of prejudice. *Ziegler v. Aukerman*, 512 F.3d 777, 786 (6th Cir. 2008)(quoting *Moore v. City of Paducah,* 790 F.2d 557, 562 (6th Cir. 1986)). However, "[t]he longer the period of unexplained delay, the less will be required of the

nonmoving party to show prejudice." *Minor v. Northville Public Schools*, 605 F.Supp. 1185, 1201 (E.D.Mich.1985).

### III. DISCUSSION

State Farm seeks add a claim of fraud to its affirmative defenses. Fraud must be pled with specificity, *see* Fed.R.Civ.P. 9(b). At the time State Farm answered the original complaint, and set forth its original affirmative defenses, it had the time logs of Plaintiff's caregiver, which it now argues support its defense, and thus arguabley could have asserted that defense with the requisite degree of specificity. But even if State Farm needed additional discovery to support its fraud defense, it obtained that information on March 8, 2019, when Plaintiff and Ms. Evans were deposed. In addition, surveillance was conducted around the same time, on March 8 and March 13, 2019. Again, State Farm relies heavily on the deposition testimony and the surveillance, as well as the time logs, in the present motion. Yet, Defendant did not seek leave to amend its affirmative defenses until more than 10 months later, January 24, 2020, with only 11 days remaining before the close of discovery.

State Farm's fraud defense is based on its allegation that the request for payment for Ms. Evans' attendant care services were fraudulent, and that it would not have been possible for her to have spent that many hours without essentially foregoing sleep. The greater part of State Farm's motion is devoted to a discussion of evidence, in the form of time logs, deposition testimony, and surveillance–that might support its defense of fraud. But the motion is devoid of any explanation for the delay in filing it. "While delay alone is an insufficient reason to deny a motion to amend, *the court will weigh the reasons for delay* in raising the new issue against the prejudice suffered by the non-moving party. *Head v. Timken Roller Bearing Co.*, 486 F.2d 870, 874 (6th Cir.1973)(emphasis added).

Moreover, "[t]he longer the period of unexplained delay, the less will be required of the nonmoving party to show prejudice." *Minor v. Northville Public Schools*, 605 F.Supp. 1185, 1201 (E.D.Mich.1985).

In *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999), the Sixth Circuit, affirming the district court's order denying a motion to amend, noted that "[t]he plaintiff was obviously aware of the basis of the claim for many months," yet filed the motion after the discovery deadline, and after a dispositive motion had been filed. Apropos to the present case, the Court remarked, "There appears to be no justification for the delay, and the plaintiff proposes none."

It is true that the discovery deadline in this case had not expired when State Farm filed this motion. But the delay must still be weighed against the prejudice to the Plaintiff. This motion was filed less than two weeks after the close of discovery, and many months after State Farm had all the facts necessary to properly assert the defense. To defend against the proposed affirmative defense of fraud at this late stage, Plaintiff would necessarily have to request that discovery be reopened, and to re-formulate its approach to the case. Coupled with the unexplained delay, this is sufficiently prejudicial to justify the denial of the motion to amend. *See Duggins*, at 834 ("Allowing amendment at this late stage in the litigation would create significant prejudice to the defendants in having to reopen discovery and prepare a defense for a claim quite different from the sex-based retaliation claim that was before the court. The district court did not abuse its discretion in denying leave to amend the complaint at such a late stage of the litigation.").

## IV. CONCLUSION

Defendant's Motion to Amend/Correct Affirmative Defenses [ECF No. 53] is DENIED.

IT IS SO ORDERED.

s/R. Steven Whalen
R. STEVEN WHALEN
United States Magistrate Judge

Dated: March 30, 2020


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on March 31, 2020 electronically and/or by U.S. mail.

s/Carolyn M. Ciesla
Case Manager